

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-311-CR

JEFFREY EVAN FREDERICKSON                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury found Appellant Jeffrey Evan Frederickson guilty of aggravated robbery and assessed his punishment at thirteen years' confinement. The trial court sentenced him accordingly. In two points, Frederickson complains that the evidence is legally and factually insufficient to sustain his conviction and

---

[1] ... See Tex. R. App. P. 47.4.

that the trial court erred by denying his motion to strike extraneous offense evidence. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Early one morning, Elbert Edwards, Jr. left his apartment and walked out to his garage. He noticed that the control pad to the garage door was damaged and hanging down, and as he was inspecting it, the garage door started to open. Inside the garage, he saw the doors to his car were open. A man, later identified as Frederickson, ran out of the garage with a bag on his shoulder. Edwards ran after him and yelled for him to stop, but Frederickson continued running. Edwards eventually caught Frederickson and hit him, causing the bag to fall to the ground. Edwards recognized several items that spilled out of the bag as his, including his camera. He then punched Frederickson and said, "I can't believe you stole stuff out of my garage." As Frederickson lay on the ground, Edwards put his camera in his pocket and returned the other items to the bag. Frederickson "jumped up and . . . threw up his guard." He swung at Edwards and missed. Edwards punched Frederickson again and put him in a headlock. He grabbed the bag and told Frederickson, "You're going to jail."

Edwards began to march Frederickson, who was still in a headlock, back to the apartment complex when Frederickson pulled a knife from his pocket and stabbed Edwards in the side. Edwards did not feel the knife wound;

2

Frederickson explained that he had just stabbed Edwards, but Edwards did not believe that he had been stabbed until he looked down and saw blood. He released Frederickson from the headlock, and both men reached for the knife that had fallen to the ground. Edwards grabbed the knife and stabbed Frederickson; he again put Frederickson in a headlock and continued toward to the apartments.

Edwards saw several people outside the apartment building and asked one to call the police. He released Frederickson from the headlock, and Frederickson fell to the ground. The bystanders agreed to watch Frederickson until police arrived. One of the bystanders kicked Frederickson in the head. Edwards went to wait for the police at the apartment complex entrance. Edwards took the bag with him and dropped it off inside his garage on the way to the complex entrance. While surrounded by bystanders waiting for the police, Frederickson tried to run and was restrained. Police arrived and struggled to subdue Frederickson. They tasered him twice before arresting him.

### III. SUFFICIENCY OF THE EVIDENCE

In his first point, Frederickson argues that the evidence is legally and factually insufficient to support his conviction.

A. Standards of Review

*1. Legal Sufficiency Standard of Review*

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all

4

the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

### 2. Factual Sufficiency Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

5

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Watson*, 204 S.W.3d at 417. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id.* We may not simply substitute our judgment for the factfinder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*,

6

23 S.W.3d at 8. Our deference in this regard safeguards the defendant's right to a trial by jury. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

### B. Elements of Aggravated Robbery

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). A person commits aggravated robbery if, in the course of committing a robbery, he uses or exhibits a deadly weapon. *Id.* § 29.03(a)(2). "In the course of committing theft" means conduct that occurs "in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01(1).

### C. Legally Sufficient Evidence

Frederickson argues that no evidence exists that he threatened Edwards or placed him in fear of harm or death *with the intent to obtain or maintain control of the property* because he had already surrendered the property when

7

he stabbed Edwards. The very argument presented by Frederickson has been rejected by the court of criminal appeals. *See White v. State*, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984); *Lawton v. State*, 913 S.W.2d 542, 552 (Tex. Crim. App. 1995), *cert. denied*, 519 U.S. 826 (1996), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 264 (Tex. Crim. App. 1998). Frederickson acknowledges that Texas case law does not support his contention, but he argues that courts have incorrectly "written out the requirement of proof of an intent to obtain or maintain control of property" as an element of aggravated robbery. He challenges the validity of "this judicial negation of a legislative mandate and requests a fresh and logical analysis." But as an intermediate appellate court, we are bound by precedent of the court of criminal appeals. *Sierra v. State*, 157 S.W.3d 52, 59 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (2007).

In *White*, White grabbed a woman's purse in a parking lot. 671 S.W.2d at 41. When the woman would not let go of the purse, White dragged her along the ground until two bystanders gave chase. *Id.* He dropped the purse, ran to a nearby car, and told the driver of the car to shoot one of the bystanders, which the driver did. *Id.* White appealed his conviction for aggravated robbery, arguing that no evidence existed that he was attempting to obtain or maintain control of the property at the time of the shooting. *Id.* at

8

41. The court noted that no completed theft is required for the prohibited conduct to constitute robbery. *Id.* The court also observed that the element of "intent to obtain or maintain control of the property" addresses the robber's state of mind during the theft or attempted theft, not his state of mind during the assault. *Id.* at 42. Therefore, the court held that violence accompanying an escape immediately subsequent to an attempted theft can constitute robbery. *Id.*; *accord Lawton*, 913 S.W.2d at 552 (holding that if violence occurs after offender has abandoned theft and is escaping, no intent to control property during escape need be shown).

In this case, the State was not required to prove that Frederickson retained the intent to maintain control of the property when he engaged in the assaultive conduct. *See Lawton*, 913 S.W.2d at 552; *see also McCall v. State*, 113 S.W.3d 479, 481 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("It does not matter that, at the time [McCall] used the car as a deadly weapon, he had abandoned the [stolen] cigarettes."); *Steele v. State*, 22 S.W.3d 550, 555 (Tex. App.—Fort Worth 2000, pet. ref'd) (upholding aggravated robbery conviction where evidence showed defendant used deadly weapon to threaten victim during flight from scene of attempted robbery). The evidence established that Frederickson stabbed Edwards in attempt to escape immediately after his

9

attempted theft. Edwards further testified that he felt threatened and feared that he might die when he was stabbed.

Viewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Frederickson committed aggravated robbery. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. Accordingly, we hold that the evidence is legally sufficient to support Frederickson's conviction.

### D. Factually Sufficient Evidence

Having found the evidence legally sufficient, we now address whether the evidence is factually sufficient to support Frederickson's conviction. Frederickson does not separate his legal and factual insufficiency analyses and presents the same argument for both. He does not dispute that he stabbed Edwards with a knife in an attempt to escape Edwards' headlock "and continued beating he was deservedly receiving." In fact, Frederickson concedes that his conduct "followed an attempted theft of property and it was in immediate flight therefrom."

Following the Texas Court of Criminal Appeals' precedent and viewing the evidence in a neutral light, we find no objective basis for holding that the jury's verdict was clearly wrong or manifestly unjust or that it is contradicted by the great weight and preponderance of the evidence. *See Lancon*, 253 S.W.3d at

10

704; *Watson*, 204 S.W.3d at 414–15, 417. Rather, the evidence presented at trial was sufficient to support the jury's verdict, and no contrary evidence exists that would render the evidence factually insufficient under the applicable standard of review. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, we hold that the evidence is factually sufficient to support Frederickson's conviction.

We overrule Frederickson's first point.

## IV. EXTRANEOUS OFFENSE EVIDENCE

In his second point, Frederickson argues that, during the punishment stage of trial, the trial court erred by denying his motion to strike extraneous offense evidence of an incident involving a stolen vehicle and evading arrest and by failing to instruct the jury to disregard the evidence as irrelevant because the State failed to link him to the incident.

### A. Standard of Review

A trial court's decision to admit evidence is reviewed under an abuse of discretion standard. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). The reviewing court may reverse the trial court's decision only if the ruling is outside the zone of reasonable disagreement. *Ford v. State*, 919 S.W.2d 107, 115

(Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

### B. Extraneous Offense/Bad Act Evidence
### Admitted at Punishment Stage

During the punishment stage of Frederickson's trial, Officer Steve Groppi testified that while on patrol on August 17, 2006, he attempted to pull over a black Honda Accord that had been reported stolen. He could see the driver and a passenger who appeared to have "short, sandy blond hair." The driver led the officer on a high-speed chase through North Richland Hills. Officer Groppi lost the car for a short time, and when police ultimately stopped the car, the passenger was not in the car. Over Frederickson's relevancy objection, Officer Groppi testified that crystal methamphetamine was found during an inventory of the car and that the license plate on the Honda belonged to another car and was covering up the original license plate.[2]

Betty Black lived three or four blocks from the area where police ultimately stopped the black Honda. Black testified that on that same day, she saw a man, later identified as Frederickson, in her backyard. He looked hot, sweaty, and frightened and appeared to be hiding. When Black asked what he

---

[2] The State responded to Frederickson's objection by stating that "the next witness should tie this up," and the trial court let the State proceed "[s]ubject to that being done."

wanted, Frederickson told her that he "had been jumping fences all morning" and asked to come inside. After Black refused, Frederickson went to her neighbor's backyard. Her neighbor called the police, who arrested Frederickson.

The officer who transported Frederickson to jail that day testified that on the way to the jail, Frederickson volunteered that he "was not driving that black car earlier" and that he "did not know that the vehicle was stolen."

After the above witnesses testified, Frederickson reasserted his relevancy objection and moved to strike the testimony regarding the car chase, evading arrest, and the contents of the black Honda, arguing that the State had failed to connect Frederickson to the incident.[3] Frederickson also argued in his motion to strike that the complained-of testimony was more prejudicial than probative. *See* Tex. R. Evid. 403.

### C. Law on Admissibility of Extraneous Evidence

The admissibility of evidence at punishment is guided largely by article 37.07, section three of the Texas Code of Criminal Procedure. *Haley v. State*, 173 S.W.3d 510, 513 (Tex. Crim. App. 2005). Under this section, the State

---

[3] The State also introduced, without objection, evidence that five days prior to that incident, Frederickson fled a car dealership in a green or grey Honda Accord. Frederickson's motion to strike involved only "the black car and evading arrest"; he does not appear to challenge on appeal the admission of this evidence, and to the extent that he does, he has failed to preserve any complaint for appeal. *See* Tex. R. App. P. 33.1(a).

13

may offer in evidence any matter the trial court deems relevant to sentencing. *See* Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2009). The State may introduce evidence of an extraneous offense or bad act provided the act is proven beyond a reasonable doubt to have been to have been committed by the defendant or for which he could be held criminally responsible. *Id.*

Evidence is relevant to sentencing within the meaning of the statute if the evidence is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). The trial judge has the obligation to make a determination, upon proper request, of whether the proposed evidence is relevant to the issue of punishment. *See Jordan v. State*, 271 S.W.3d 850, 855 (Tex. App.—Amarillo 2008, pet. ref'd). The court satisfies this responsibility by making an initial determination that there is sufficient evidence for a jury to find that the defendant committed the extraneous offense beyond a reasonable doubt. *Mann v. State*, 13 S.W.3d 89, 94 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001). Whether an extraneous offense or bad act was established beyond a reasonable doubt, however, is a question of fact for the jury, not a preliminary question of admissibility for the trial court. *Mitchell v. State*, 931 S.W.2d at 953; *see Nanez v. State*, 179 S.W.3d 149, 151–52 (Tex. App.—Amarillo 2005, no pet.).

Admissibility of punishment-phase evidence that the trial court deems relevant is still subject to a rule 403 analysis. *See Rogers v. State*, 991 S.W.2d 263, 266–67 (Tex. Crim. App. 1999). Under Texas Rule of Evidence 403, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403; *see also Reese v. State*, 33 S.W.3d 238, 240–41 (Tex. Crim. App. 2000) (holding that relevant rule 403 criteria includes: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence). Relevant evidence is only inadmissible under rule 403 to the extent that its degree of unfair prejudice substantially outweighs the probative value of the evidence. *Rogers*, 991 S.W.2d at 266.

### D. Extraneous Evidence was Relevant and Not Violative of Rule 403

Frederickson argues that the extraneous evidence was not relevant because he was not linked to the incident. The evidence showed, however, that the stolen car originally contained two men, that only the driver was present when officers stopped the car, that Frederickson was found in a nearby backyard hours after the incident appearing hot, sweaty, and frightened, and

15

that he voluntarily told an officer that he did not know that the car was stolen and that he was not the driver. Thus, the evidence linked Frederickson to the car chase, and trial court correctly made an initial determination that sufficient evidence existed for a jury to find that Frederickson committed the extraneous offenses beyond a reasonable doubt. *See Mitchell*, 931 S.W.2d at 953; *Mann*, 13 S.W.3d at 94. Consequently, we hold that the trial court did not abuse its discretion by admitting this evidence as relevant to punishment. *See Mitchell*, 931 S.W.2d at 953; *Mann*, 13 S.W.3d at 94; *see also Fischer v. State*, 268 S.W.3d 552, 557 (Tex. Crim. App. 2008) (holding that admission of evidence that permits a jury to find beyond a reasonable doubt that appellant committed extraneous offense satisfies purpose of rule prohibiting introduction of irrelevant extraneous offense evidence).

We must now address whether the probative value of the complained-of evidence was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. Frederickson's sole argument is that the evidence's probative value was outweighed by its prejudicial effect because he "did not engage in the conduct." We have already explained that sufficient evidence existed for a jury to find that he committed the extraneous offenses beyond a reasonable doubt.

16

Moreover, Frederickson was seeking probation in this case. Evidence that he had previously evaded arrest in a stolen vehicle, fled on foot, and trespassed on another's property to avoid arrest was probative to show that Frederickson was not a good candidate for probation, contrary to the defense's position. The evidence did not appeal to improper emotion or create confusion of the issues, the testimony consisted of less than fifty pages of the 266-page punishment-stage transcript, and it was not cumulative of any other evidence admitted at punishment. *See Reese*, 33 S.W.3d at 240–41. We therefore hold that the extraneous evidence at issue was not unfairly prejudicial to Frederickson and that, consequently, the trial court did not abuse its discretion by denying Frederickson's motion to strike. *See* Tex. R. Evid. 403; *Rogers*, 991 S.W.2d at 266–67.

We overrule Frederickson's second point.

## V. CONCLUSION

Having overruled Frederickson's two points, we affirm the trial court's judgment.

SUE WALKER<br>
JUSTICE

PANEL: LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 4, 2010

17