COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-311-CR

 

 

JEFFREY EVAN
FREDERICKSON                                             APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








A jury found Appellant Jeffrey Evan Frederickson
guilty of aggravated robbery and assessed his punishment at thirteen years= confinement. 
The trial court sentenced him accordingly.  In two points, Frederickson complains that
the evidence is legally and factually insufficient to sustain his conviction
and that the trial court erred by denying his motion to strike extraneous
offense evidence.  We will affirm.

II. Factual and Procedural Background

Early one morning, Elbert Edwards, Jr. left his
apartment and walked out to his garage. 
He noticed that the control pad to the garage door was damaged and
hanging down, and as he was inspecting it, the garage door started to
open.  Inside the garage, he saw the
doors to his car were open.  A man, later
identified as Frederickson, ran out of the garage with a bag on his
shoulder.  Edwards ran after him and
yelled for him to stop, but Frederickson continued running.  Edwards eventually caught Frederickson and
hit him, causing the bag to fall to the ground. 
Edwards recognized several items that spilled out of the bag as his,
including his camera.  He then punched
Frederickson and said, AI
can=t believe you stole stuff out of my garage.@  As
Frederickson lay on the ground, Edwards put his camera in his pocket and
returned the other items to the bag. 
Frederickson Ajumped
up and . . . threw up his guard.@  He swung
at Edwards and missed.  Edwards punched
Frederickson again and put him in a headlock. 
He grabbed the bag and told Frederickson, AYou=re going to jail.@   








Edwards began to march Frederickson, who was
still in a headlock, back to the apartment complex when Frederickson pulled a
knife from his pocket and stabbed Edwards in the side.  Edwards did not feel the knife wound;
Frederickson explained that he had just stabbed Edwards, but Edwards did not
believe that he had been stabbed until he looked down and saw blood.  He released Frederickson from the headlock,
and both men reached for the knife that had fallen to the ground.  Edwards grabbed the knife and stabbed
Frederickson; he again put Frederickson in a headlock and continued toward to
the apartments.   

Edwards saw several people outside the apartment
building and asked one to call the police. 
He released Frederickson from the headlock, and Frederickson fell to the
ground.  The bystanders agreed to watch
Frederickson until police arrived.  One
of the bystanders kicked Frederickson in the head. Edwards went to wait for the
police at the apartment complex entrance. 
Edwards took the bag with him and dropped it off inside his garage on
the way to the complex entrance.  While
surrounded by bystanders waiting for the police, Frederickson tried to run and
was restrained.  Police arrived and
struggled to subdue Frederickson.  They
tasered him twice before arresting him. 

III.
Sufficiency of the Evidence

In his first point, Frederickson argues that the
evidence is legally and factually insufficient to support his conviction. 

 

 








A.  Standards of Review

1.  Legal Sufficiency Standard of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App.
2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
when viewed in the light most favorable to the verdict.@  Hooper
v. State, 214 S.W.3d 9, 16B17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson, 443 U.S. at
326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

2.  Factual Sufficiency Standard of Review

When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Steadman v.
State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder=s determination is clearly wrong and manifestly
unjust or whether conflicting evidence so greatly outweighs the evidence
supporting the conviction that the factfinder=s determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, although legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.  








Unless we conclude that it is necessary to
correct manifest injustice, we must give due deference to the factfinder=s determinations, Aparticularly those determinations concerning the
weight and credibility of the evidence.@  Johnson
v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); see Steadman, 280
S.W.3d at 246.  Evidence is always
factually sufficient when it preponderates in favor of the conviction.  Steadman, 280 S.W.3d at 247; see
Watson, 204 S.W.3d at 417.  








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to
overturn [the] conviction.@  Watson,
204 S.W.3d at 417.   We cannot conclude
that a conviction is clearly wrong or manifestly unjust simply because we would
have decided differently than the jury or because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the factfinder=s.  Johnson,
23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).  Unless the record clearly reveals
that a different result is appropriate, we must defer to the jury=s determination of the weight to be given
contradictory testimonial evidence because resolution of the conflict Aoften turns on an evaluation of credibility and
demeanor, and those jurors were in attendance when the testimony was delivered.@  Johnson,
23 S.W.3d at 8.  Our deference in this
regard safeguards the defendant=s right to a trial by jury.  Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008).       

An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 


B.  Elements of Aggravated Robbery

A person commits robbery if, in the course of
committing theft and with intent to obtain or maintain control of the property,
he intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.  See Tex.
Penal Code Ann. '
29.02(a)(2) (Vernon 2003).  A person
commits aggravated robbery if, in the course of committing a robbery, he uses
or exhibits a deadly weapon.  Id. ' 29.03(a)(2). 
AIn the course of committing theft@ means conduct that occurs Ain an attempt to commit, during the commission,
or in immediate flight after the attempt or commission of theft.@ Id. ' 29.01(1).

C.
Legally Sufficient Evidence 








Frederickson argues that no evidence exists that
he threatened Edwards or placed him in fear of harm or death with the intent
to obtain or maintain control of the property because he had already
surrendered the property when he stabbed Edwards.  The very argument presented by Frederickson
has been rejected by the court of criminal appeals.  See White v. State, 671 S.W.2d 40, 42
(Tex. Crim. App. 1984); Lawton v. State, 913 S.W.2d 542, 552 (Tex. Crim.
App. 1995), cert. denied, 519 U.S. 826 (1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 264 (Tex. Crim. App.
1998).  Frederickson acknowledges that
Texas case law does not support his contention, but he argues that courts have
incorrectly Awritten
out the requirement of proof of an intent to obtain or maintain control of
property@ as an element of aggravated robbery.  He challenges the validity of Athis judicial negation of a legislative mandate
and requests a fresh and logical analysis.@  But as an
intermediate appellate court, we are bound by precedent of the court of
criminal appeals. Sierra v. State, 157 S.W.3d 52, 59 (Tex. App.CFort Worth 2004), aff=d,
218 S.W.3d 85 (2007).       








In White, White grabbed a woman=s purse in a parking lot.  671 S.W.2d at 41.  When the woman would not let go of the purse,
White dragged her along the ground until two bystanders gave chase.  Id. 
He dropped the purse, ran to a nearby car, and told the driver of the
car to shoot one of the bystanders, which the driver did.  Id. 
White appealed his conviction for aggravated robbery, arguing that
no evidence existed that he was attempting to obtain or maintain control of the
property at the time of the shooting.  Id.
at 41.  The court noted that no completed
theft is required for the prohibited conduct to constitute robbery.  Id. 
The court also observed that the element of Aintent to obtain or maintain control of the
property@ addresses the robber=s state of mind during the theft or attempted
theft, not his state of mind during the assault.  Id. at 42.  Therefore, the court held that violence
accompanying an escape immediately subsequent to an attempted theft can
constitute robbery.  Id.; accord
Lawton, 913 S.W.2d at 552 (holding that if violence occurs after
offender has abandoned theft and is escaping, no intent to control property
during escape need be shown).








In this case, the State was not required to prove
that Frederickson retained the intent to maintain control of the property when
he engaged in the assaultive conduct.  See
Lawton, 913 S.W.2d at 552; see also McCall v. State, 113 S.W.3d 479,
481 (Tex. App.CHouston
[1st Dist.] 2003, no pet.) (AIt does not matter that, at the time [McCall]
used the car as a deadly weapon, he had abandoned the [stolen] cigarettes.@); Steele v. State, 22 S.W.3d 550, 555
(Tex. App.CFort
Worth 2000, pet. ref=d)
(upholding aggravated robbery conviction where evidence showed defendant used
deadly weapon to threaten victim during flight from scene of attempted
robbery).  The evidence established that
Frederickson stabbed Edwards in attempt to escape immediately after his
attempted theft. Edwards further testified that he felt threatened and feared
that he might die when he was stabbed.   

Viewing the evidence in the light most favorable
to the jury=s
verdict, we  hold that a rational trier
of fact could have found beyond a reasonable doubt that Frederickson committed
aggravated robbery.  See Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.  Accordingly, we hold that the evidence is
legally sufficient to support Frederickson=s conviction.

D. Factually
Sufficient Evidence

Having found the evidence legally sufficient, we
now address whether the evidence is factually sufficient to support
Frederickson=s
conviction. Frederickson does not separate his legal and factual insufficiency
analyses and presents the same argument for both.  He does not dispute that he stabbed Edwards
with a knife in an attempt to escape Edwards= headlock Aand continued beating he was deservedly
receiving.@  In fact, Frederickson concedes that his
conduct Afollowed an attempted theft of property and it
was in immediate flight therefrom.@  








Following the Texas Court of Criminal Appeals= precedent and viewing the evidence in a neutral
light, we find no objective basis for holding that the jury=s verdict was clearly wrong or manifestly unjust
or that it is contradicted by the great weight and preponderance of the
evidence.  See Lancon, 253 S.W.3d
at 704; Watson, 204 S.W.3d at 414B15, 417. 
Rather, the evidence presented at trial was sufficient to support the
jury=s verdict, and no contrary evidence exists that
would render the evidence factually insufficient under the applicable standard
of review.  See Lancon, 253 S.W.3d
at 704; Watson, 204 S.W.3d at 414B15, 417. 
Accordingly, we hold that the evidence is factually sufficient to
support Frederickson=s
conviction.  

We overrule Frederickson=s first point.

IV.  Extraneous Offense
Evidence

In his second point, Frederickson argues that,
during the punishment stage of trial, the trial court erred by denying his
motion to strike extraneous offense evidence of an incident involving a stolen
vehicle and evading arrest and by failing to instruct the jury to disregard the
evidence as irrelevant because the State failed to link him to the incident. 

A.  Standard of Review








A trial court=s decision to admit evidence is reviewed under an
abuse of discretion standard.  Ellison
v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996). 
The reviewing court may reverse the trial court=s decision only if the ruling is outside the zone
of reasonable disagreement.   Ford v. State, 919 S.W.2d 107, 115 (Tex.
Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op. on reh=g).

B.  Extraneous Offense/Bad Act
Evidence 

Admitted at Punishment Stage

 

During the punishment stage of Frederickson=s trial, 
Officer Steve Groppi testified that while on patrol on August 17, 2006,
he attempted to pull over a black Honda Accord that had been reported
stolen.  He could see the driver and a
passenger who appeared to have Ashort, sandy blond hair.@  The
driver led the officer on a high-speed chase through North Richland Hills.  Officer Groppi lost the car for a short time,
and when police ultimately stopped the car, the passenger was not in the
car.  Over Frederickson=s relevancy objection, Officer Groppi testified
that crystal methamphetamine was found during an inventory of the car and that
the license plate on the Honda belonged to another car and was covering up the
original license plate.[2]   








Betty Black lived three or four blocks from the
area where police ultimately stopped the black Honda.  Black testified that on that same day, she
saw a man, later identified as Frederickson, in her backyard.  He looked hot, sweaty, and frightened and
appeared to be hiding.  When Black asked
what he wanted, Frederickson told her that he Ahad been jumping fences all morning@ and asked to come inside.  After Black refused, Frederickson went to her
neighbor=s backyard. 
Her neighbor called the police, who arrested Frederickson.

The officer who transported Frederickson to jail
that day testified that on the way to the jail, Frederickson volunteered that
he Awas not driving that black car earlier@ and that he Adid not know that the vehicle was stolen.@  

After the above witnesses testified, Frederickson
reasserted his relevancy objection and moved to strike the testimony regarding
the car chase, evading arrest, and the contents of the black Honda, arguing
that the State had failed to connect Frederickson to the incident.[3]  Frederickson also argued in his motion to
strike that the complained-of testimony was more prejudicial than
probative.  See Tex. R. Evid.
403.   

C.  Law on Admissibility of Extraneous Evidence








The admissibility of evidence at punishment is
guided largely by article 37.07, section three of the Texas Code of Criminal
Procedure.  Haley v. State, 173
S.W.3d 510, 513 (Tex. Crim. App. 2005). 
Under this section, the State may offer in evidence any matter the trial
court deems relevant to sentencing. See Tex. Code Crim. Proc. Ann. art.
37.07 ' 3(a)(1) (Vernon Supp. 2009).  The State may introduce evidence of an
extraneous offense or bad act provided the act is proven beyond a reasonable
doubt to have been to have been committed by the defendant or for which he
could be held criminally responsible.  Id. 

Evidence is relevant to sentencing within the
meaning of the statute if the evidence is Ahelpful to the jury in determining the
appropriate sentence for a particular defendant in a particular case.@  Rodriguez
v. State, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006).  The trial judge has the obligation to make a
determination, upon proper request, of whether the proposed evidence is
relevant to the issue of punishment.  See
Jordan v. State, 271 S.W.3d 850, 855 (Tex. App.CAmarillo 2008, pet. ref=d).  The
court satisfies this responsibility by making an initial determination that
there is sufficient evidence for a jury to find that the defendant committed
the extraneous offense beyond a reasonable doubt.  Mann v. State, 13 S.W.3d 89, 94 (Tex.
App.CAustin 2000), aff=d,
58 S.W.3d 132 (Tex. Crim. App. 2001). 
Whether an extraneous offense or bad act was established beyond a
reasonable doubt, however, is a question of fact for the jury, not a
preliminary question of admissibility for the trial court.   Mitchell v. State, 931 S.W.2d at 953; see
Nanez v. State, 179 S.W.3d 149, 151B52 (Tex. App.CAmarillo 2005, no pet.).








Admissibility of punishment-phase evidence that
the trial court deems relevant is still subject to a rule 403 analysis.  See Rogers v. State, 991 S.W.2d 263,
266B67 (Tex. Crim. App. 1999).  Under Texas Rule of Evidence 403, even
relevant evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. 
See Tex. R. Evid. 403; see also Reese v. State, 33 S.W.3d
238, 240B41 (Tex. Crim. App. 2000) (holding that relevant
rule 403 criteria includes: (1) the probative value of the evidence; (2) the
potential of the evidence to impress the jury in some irrational, but
nevertheless indelible way; (3) the time the proponent needs to develop the
evidence; and (4) the proponent=s need for the evidence).  Relevant evidence is only inadmissible under
rule 403 to the extent that its degree of unfair prejudice substantially
outweighs the probative value of the evidence. 
Rogers, 991 S.W.2d at 266.

D.  Extraneous Evidence was
Relevant 

and Not Violative of Rule 403

 








Frederickson argues that the extraneous evidence
was not relevant because he was not linked to the incident.  The evidence showed, however, that the stolen
car originally contained two men, that only the driver was present when
officers stopped the car, that Frederickson was found in a nearby backyard
hours after the incident appearing hot, sweaty, and frightened, and that he
voluntarily told an officer that he did not know that the car was stolen and
that he was not the driver.  Thus, the
evidence linked Frederickson to the car chase, and trial court correctly made
an initial determination that sufficient evidence existed for a jury to find
that Frederickson committed the extraneous offenses beyond a reasonable doubt.  See Mitchell, 931 S.W.2d at 953;
Mann, 13 S.W.3d at 94.  Consequently,
we hold that the trial court did not abuse its discretion by admitting this
evidence as relevant to punishment.  See
Mitchell, 931 S.W.2d at 953; Mann, 13 S.W.3d at 94; see also
Fischer v. State, 268 S.W.3d 552, 557 (Tex. Crim. App. 2008) (holding that
admission of evidence that permits a jury to find beyond a reasonable doubt
that appellant committed extraneous offense satisfies purpose of rule
prohibiting introduction of irrelevant extraneous offense evidence).

We must now address whether the probative value
of the complained-of evidence was substantially outweighed by the danger of
unfair prejudice.  See Tex. R.
Evid. 403.  Frederickson=s sole argument is that the evidence=s probative value was outweighed by its
prejudicial effect because he Adid not engage in the conduct.@  We have
already explained that sufficient evidence existed for a jury to find that he
committed the extraneous offenses beyond a reasonable doubt.  








Moreover, Frederickson was seeking probation in
this case.  Evidence that he had previously
evaded arrest in a stolen vehicle, fled on foot, and trespassed on another=s property to avoid arrest was probative to show
that Frederickson was not a good candidate for probation, contrary to the
defense=s position. 
The evidence did not appeal to improper emotion or create confusion of
the issues, the testimony consisted of less than fifty pages of the 266-page
punishment-stage transcript, and it was not cumulative of any other evidence
admitted at punishment.  See Reese,
33 S.W.3d at 240B41.  We therefore hold that the extraneous
evidence at issue was not unfairly prejudicial to Frederickson and that,
consequently, the trial court did not abuse its discretion by denying
Frederickson=s
motion to strike.  See Tex. R.
Evid. 403; Rogers, 991 S.W.2d at 266B67. 

We overrule Frederickson=s second point. 

V. Conclusion

Having overruled Frederickson=s two points, we affirm the trial court=s judgment.

SUE WALKER

JUSTICE

PANEL: LIVINGSTON and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 4, 2010

 

 











[1]See Tex. R. App. P. 47.4.





[2]The State responded to Frederickson=s objection by
stating that Athe next witness should tie this up,@ and the trial court let the State proceed A[s]ubject to that being done.@





[3]The State also introduced, without objection, evidence that five days
prior to that incident, Frederickson fled a car dealership in a green or grey
Honda Accord.  Frederickson=s motion to strike involved only Athe black car
and evading arrest@; he does not appear to challenge on appeal the admission of this
evidence, and to the extent that he does, he has failed to preserve any
complaint for appeal.  See Tex. R.
App. P. 33.1(a).