**Roger Clinton LIGHTNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51184**

Court of Criminal Appeals of Texas.

March 31, 1976.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald H. Flanary, Jr., and Bill Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of aggravated robbery. Trial was before the court; punishment was assessed at five years.

Appellant's sole contention is that the evidence is insufficient to sustain a conviction of robbery. The record reflects that on September 25, 1974, appellant parked in front and across the lines of a Mr. M. Store in Irving. As he approached the store the attendant yelled to her daughter who was in the rear of the store that they were about to be robbed. Appellant pushed on the door of the store as if to enter but walked around the corner of the shopping center and went into Triangle Cleaners. Ester Stevens, an employee, was in the rear of the store. She saw appellant in front of the store. She saw him put his hand in his pocket and heard the cash register slam shut. When she asked if she could help him, he answered that he was looking for his ticket. When she told him that they did not use tickets, he left. Miss Stevens then looked in the cash register and discovered that some money was missing. Miss Stevens then ran to the front door. Appellant

turned and ran towards his car and she yelled for the police. Appellant got in his car and made a "horseshoe" turn to get out of the parking lot. He turned out of the lot onto Darr Street and drove down the street for about a quarter of a block and turned back into the shopping center lot behind the buildings. The exit driveway was blocked by another vehicle and appellant stopped his car within twenty feet of the back of Triangle Cleaners.

M. C. Collins, a policeman who was driving by, noticed some women waiving and shouting at him. The officer drove into the lot and one woman yelled that she had been robbed by "a colored man in a white Chevrolet." They told him that the man had just gone around the south corner of the shopping center. The officer drove the length of the shopping center, turned to the back of the shopping center and stopped at the white Chevrolet blocked at a north exit. Officer Collins told appellant to get out, put his hands on the car and spread his legs. During the pat down, appellant turned around and struck the officer in the chest with his elbow. Officer Collins tried to subdue him and they both fell against the car. Appellant got away from the officer and back into his car. The engine was still running. Appellant then drove it back towards the officer who was able to step out of the way. Appellant then ran into the police car. Officer Collins then pointed his gun at appellant and told him to get out of his car. Appellant did so, and the officer tried to search him again. Another struggle followed. Officer Collins was not able to control the appellant and had to ask another man for help. They were able to handcuff the appellant. Forty-four dollars was found between the driver's seat and the door jamb of appellant's car. The officer's chest was bruised by the blow from appellant's elbow.

Appellant testified that he took the money from the cash register of Triangle Cleaners but contends that the struggle with the policeman had nothing to do with the theft of the money.

V.T.C.A., Penal Code, Section 29.02, defines robbery as follows:

"(a) A person commits an offense if in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or . . . ."

V.T.C.A., Penal Code, Section 29.01, provides:

"(1) 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. . ."

Appellant contends that the cases interpreting the former statute should apply to the new statute.

Article 1408, V.A.P.C. (1925), defined robbery as follows:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished . . . ."

Generally under the former statute the threats or violence had to be antecedent to the taking of the property and had to put the person from whom the property was taken in fear so that he would more readily part with his property. *Crawford v. State*, 509 S.W.2d 582 (Tex.Cr.App.1974).

The definition of robbery under the 1974 Penal Code is broader than the one contained in Article 1408, supra. The requirements set by cases such as *Crawford*, supra, do not apply to the new penal code. Under Sections 29.01 and 29.02, supra, the offense of robbery includes any violence in the course of effectuating the theft as well as any violence while in immediate flight from the scene of the theft. This new definition of robbery proscribes the use of violence not only in the taking of the prop-

erty, but also in the immediate efforts of the thief to keep the stolen property.

Appellant contends that he was not in immediate flight when apprehended by Officer Collins. Officer Collins caught appellant about 100 yards from the scene of the theft. He started to follow appellant to the back of the shopping center shortly after appellant had entered the rear of the parking lot. Appellant was handcuffed and in custody within seven to nine minutes after the theft.

We hold that there is sufficient evidence to show that appellant injured the police officer in an effort to maintain control of the stolen property while in immediate flight from the theft. This is sufficient under the 1974 Penal Code.

The judgment is affirmed.