**James Robert WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 68504.

Court of Criminal Appeals of Texas, En Banc.

April 25, 1984.

Rehearing Denied July 3, 1984.

Carol Vance, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Thomas L. Royce, Jr., Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery.. After finding appellant guilty, the court assessed punishment at 25 years.

Appellant contends the evidence is insufficient to support his conviction. The indictment alleges in pertinent part that on May 25, 1980, appellant did:

"while in the course of committing theft of property owned by GLORIA MCCOY, and with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a firearm, intentionally, knowingly, and recklessly, cause bodily injury to BARRY LEE DUNCAN."

As Gloria McCoy was loading groceries into the trunk of her car at a Safeway supermarket in Houston, Carl Dewayne Sherlock approached her and grabbed her purse. McCoy refused to relinquish the purse and Sherlock pulled her to the ground and dragged her along the pavement, unsuccessfully trying to get it loose. The struggle attracted attention and Sherlock let go of McCoy and her purse and ran toward a black Monte Carlo which was stationed in the driveway in front of the store. He was pursued by two bystanders, Rodney Asher and Barry Lee Duncan. Asher tried to tackle Sherlock but fell down in the attempt and Sherlock jumped up on the hood of the Monte Carlo. When Asher stood up, appellant, who was behind the wheel of the car, pointed a gun at him. At the same time Duncan jumped up on the hood of the car and Sherlock yelled to appellant "shoot him." Appellant shot Duncan through the windshield, striking him in the arm. Sherlock then climbed in the car next to appellant and they pulled out of the parking lot "real fast." Two other bystanders pursued the car in their vehicles, one of them stopping to notify a police officer, who took up the pursuit and followed the Monte Carlo at a high rate of speed until appellant lost control of the vehicle and crashed into a tree. Appellant and Sherlock were arrested at the scene of the accident, and a gun was found near the car.

V.T.C.A. Penal Code, Sec. 29.02 (Robbery) provides in pertinent part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code *and with intent to obtain or maintain control of the property,* he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another ..." (Emphasis added.)

V.T.C.A. Penal Code, Sec. 29.03 (Aggravated Robbery), provides in pertinent part:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

" . . .

"(2) uses or exhibits a deadly weapon."

V.T.C.A. Penal Code, Sec. 29.01 (Definitions), provides in pertinent part:

"(1) 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."

Appellant does not challenge the sufficiency of the evidence to show that he shot Duncan, that the act was "in the course of committing theft," and that he intentionally caused the bodily injury. He argues, however, that there is no evidence that at the time he shot Duncan, he acted "with intent to obtain or maintain control of the property," since Sherlock had abandoned his attempt to steal the purse and was trying to escape at the time the injury took place. In addition, he contends the evidence is insufficient to show that he was a party under V.T.C.A. Penal Code, Secs. 7.01 and 7.02, to the theft attempted by Sherlock.

No completed theft is required in order for the proscribed conduct to constitute the offense of robbery under V.T.C.A. Penal Code, Sec. 29.02. *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980); *Earl v. State,* 514 S.W.2d 273 (Tex.Cr.App.1974). Nor is it necessary that the victim of the

theft or attempted theft and the victim of the robbery be the same. *Servance v. State*, 537 S.W.2d 753 (Tex.Cr.App.1976); *Lightner v. State*, 535 S.W.2d 176 (Tex.Cr.App.1976).

■ What must be determined is whether the statute in question requires that a person have the "intent to obtain or maintain control of the property" at the time that he engages in the assaultive conduct proscribed by Sec. 29.02. There is no doubt that this intent requirement in the statute is a necessary element of the offense of robbery. See *Ex parte Snelson*, 601 S.W.2d 358 (Tex.Cr.App.1980); *Johnson v. State*, 541 S.W.2d 185 (Tex.Cr.App.1976); cf. *Martinez v. State*, 644 S.W.2d 486 (Tex.Cr.App.1983).

Appellant cites *Lightner v. State*, supra, for the proposition "that any violence after the theft must be committed by one of the parties to the offense 'in an effort to maintain control of the stolen property.'" In *Lightner*, this Court affirmed a robbery conviction where the facts showed that the defendant had assaulted a police officer in an attempt to avoid arrest immediately following the theft of money from an unattended cash register in a store. The defendant argued that the evidence was insufficient to show robbery since the struggle with the police officer occurred after he had completed the theft. This Court held that:

> "Under Sections 29.01 and 29.02, supra, the offense of robbery includes any violence in the course of effectuating the theft as well as any violence while in immediate flight from the scene of the theft. This new *definition of robbery proscribes the use of violence not only in the taking of the property, but also in the immediate efforts of the thief to keep the stolen property....*
>
> "We hold that there is sufficient evidence to show that appellant injured the police officer in an effort to maintain control of the stolen property while in immediate flight from the theft." 535 S.W.2d at 177, 178. (Emphasis added.)

■ Appellant's contention is without merit. The element "intent to obtain or maintain control of the property" in Sec. 29.02, supra, "deals with the robber's state of mind regarding the property" involved in the theft or attempted theft, and not his state of mind in the assaultive component of the offense of aggravated robbery. *Ex parte Santellana*, 606 S.W.2d 331, 333 (Tex.Cr.App.1980). Therefore, violence accompanying an escape immediately subsequent to an attempted theft can constitute robbery under Sec. 29.02, supra. See *Ulloa v. State*, 570 S.W.2d 954 (Tex.Cr.App.1978); and the Practice Commentary to Sec. 29.02, infra; see also *Yarbrough v. State*, 656 S.W.2d 200 (Tex.App.—Austin 1983, No Review Hist.); *Banks v. State*, 638 S.W.2d 532 (Tex.App.—Houston 1982, Review Refused).

■ In *Ulloa*, supra, the defendant stole shirts from a store and was confronted in the store's parking lot by the manager who asked him to return inside. The defendant reentered the store and began to run, and as the manager grabbed him, he dropped the shirts and fought with the manager, injuring him. Appealing his robbery conviction, Ulloa argued, inter alia, "that because the assault occurred after he had abandoned or discarded the stolen property" he could not be convicted of robbery. This Court rejected his contention and stated that the holding in *Lightner*, supra, "was not a limitation upon a definition of robbery under the 1974 Penal Code." 570 S.W.2d at 958, n. 3.

The Practice Commentary to Sec. 29.02, supra, provides in pertinent part:

> "Section 29.02 is broader in scope than the prior robbery offense, [former Penal Code art. 1408] however, because it applies to violence used or threatened 'in the course of committing theft,' which is defined in Section 29.01 to include not only violent conduct antecedent to a completed theft, but also violence accompanying an unsuccessful attempted theft and *violence accompanying an escape immediately subsequent to* a completed or *attempted theft.* This factor adds

two new methods of committing robbery. The first—use or threat of violence in an attempted theft—simply combines into the robbery offense the prior separate offense of assault with intent to rob, Penal Code art. 1163. The practical effect is to provide an identical penalty range, which is justified because the conduct is equally dangerous whether or not the theft is completed and it is usually fortuitous that the theft falls short of completion. The second—use or threat of force in escaping—broadens the scope of robbery. Here, too, the conduct is as dangerous as force or threats antecedent to the theft." (Emphasis added.)

Appellant's first contention is overruled.

■ Appellant's final contention is that the evidence is insufficient to show that he was a party under V.T.C.A. Penal Code, Secs. 7.01 and 7.02, to the attempted theft by Sherlock.

V.T.C.A. Penal Code, Sec. 7.01 provides in pertinent part:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for whom he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense."

V.T.C.A. Penal Code, Sec. 7.02 provides in pertinent part:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

" . . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense..."

We must determine whether the evidence is sufficient to show that appellant, acting with intent to assist or promote the robbery, committed an act that encouraged, directed, aided or attempted to aid Sherlock in his commission of the robbery. *Morrison v. State*, 608 S.W.2d 233 (Tex.Cr.App.

1980). We will view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Houston v. State*, 663 S.W.2d 455 (Tex.Cr. App.1984); *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr.App.1983).

We find the evidence sufficient to sustain appellant's conviction. The record reflects that appellant was seated behind the wheel in the getaway vehicle which was stopped "in the middle of the drive" in front of the store. Contrary to appellant's contention, the record clearly reflects that the vehicle was stationed in a direct line of vision from the spot where Sherlock attempted to take the purse. When Sherlock failed in his attempt and was pursued by bystanders, appellant pointed a pistol at one pursuer and shot another one in order to free Sherlock. Appellant then drove away with Sherlock at a high rate of speed and continued to flee from pursuing officers until he lost control of the car and crashed into a tree. A rational trier of fact could have concluded beyond a reasonable doubt that appellant knew his companion was in the course of committing theft and that appellant fired the shot in order to aid Sherlock's immediate flight after the theft failed.

The judgment is affirmed.