NO. 07-06-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 8, 2007
_____

MICHAEL ERIC JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 399TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2005CR4158; HONORABLE JUANITA VASQUEZ-GARDNER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Michael Eric Jones, was convicted by a jury of the offense of aggravated robbery and the same jury, after finding the enhancement portion of the indictment true, sentenced appellant to 52 years in the Texas Department of Criminal Justice-Institutional Division. Appellant attacks the judgment of the trial court through four issues claiming error in that: 1) the trial court ruled that he was only entitled to have new counsel appointed one time, 2) the trial court refused to allow him to hire counsel of his choice, 3) trial counsel was

ineffective, and 4) the trial court refused to instruct the jury on the lesser included offense of theft. We reverse.

## Factual and Procedural Background

On October 26, 2004, 81 year old Anna Clark, the victim, was waiting at a bus stop in San Antonio. While waiting, someone came from behind Clark and snatched the purse off her shoulder. As a result, Clark's eyeglasses became dislodged from her face and she began to fall. Clark grabbed a grocery cart she had brought from the grocery store for support and, by the time she looked up, all she saw was the back of the perpetrator.

At the same time these events were unfolding, Eduardo Camargo and his wife, Blanca, were passing by the intersection next to the bus stop. Eduardo observed appellant walking toward Clark from the rear. Eduardo testified that he observed appellant pull the purse off of Clark and flee. He followed appellant and watched him enter a red Dodge Neon automobile and sped off. Eduardo followed the red Neon and Blanca wrote down the license plate number and called 911 to report what they had observed. The Camargos eventually lost sight of the red Neon and returned to the bus stop. Blanca gave the information about the red Dodge Neon to the police at the bus stop. The police checked the license plate number that Blanca reported and it was to shown to belong on a red Dodge Neon belonging to Esmeralda C. Vasquez. The records also indicated that, four days before the offense in question, a male driver matching the general description of the perpetrator was ticketed in the Neon. Detective Bryan Taylor prepared a photo array, including a picture of appellant, and showed it to Eduardo. Eduardo immediately identified

2

appellant's photo as the man that took the purse and fled in the red Neon. Appellant was then arrested and subsequently indicted for the offense of aggravated robbery.

After appellant's arrest, on January 23, 2005, he was appointed an attorney. On July 18, 2005, appellant requested that the court discharge his attorney and appoint him a new attorney. The court complied with the request with the admonition that the court would only appoint a new attorney one time. On October 17, 2005, appellant was appointed another attorney, who served throughout the trial. There was no complaint in the record about the new attorney, until May 2, 2006, the day the case was set for trial. On that date, at a pretrial hearing, before bringing in the jury panel, appellant for the first time complained about his second attorney and requested the court appoint another attorney. The trial court refused to do so. Appellant then asked if he could hire an attorney. The trial court said he could, however, the trial was going to proceed as scheduled. The trial proceeded to verdict, the jury found the appellant guilty of aggravated robbery and this appeal follows. We will first address the issue of the lesser included charge instruction.

Lesser Included Offense

Appellant's third issue contends that the trial court erred by refusing to give a lesser included charge on the offense of theft.[1] Appellant requested the lesser included charge in a timely manner and the same was refused by the trial court. Therefore, if the trial court erred, the appellant need only show that the error was one that is "calculated to injure the

---

[1] At trial, the request was for the offense of theft of a person, which we have construed to mean theft.

3

rights of the defendant." Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). When this test is applied, the cogent inquiry is did the error, if any, affect the substantial rights of the appellant. TEX. R. APP. P. 44.2(b). More recently, the Court of Criminal Appeals has stated that a conviction should not be overturned and reversed unless, from an examination of the entire record, we can conclude that the error may have had substantial influence on the outcome of the proceeding. Burnett v. State, 88 S.W.3d 633, 637 (Tex.Crim.App. 2002).

To constitute a lesser included offense, an offense must 1) be established by proof of the same or less than all of the facts required to establish the commission of the offense charged; 2) differ from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; 3) differ from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or 4) consist of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon Supp. 2005). The State concedes that theft is a lesser included offense of robbery. See Earls v. State, 707 S.W.2d 82, 84 (Tex.Crim.App. 1986). Further, as alleged in the indictment, the element that elevates this case to aggravated status is the age of the victim coupled with actions that threaten or place the victim in fear of imminent bodily injury or death. See TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (Vernon 2003).[2] Therefore, it follows that theft is a lesser included offense of aggravated robbery, as alleged in the indictment. See Hall v. State, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007) (holding that

---

[2] Further reference to the Texas Penal Code will be by reference to § ___.

4

the "pleadings approach" is the first step in determining whether a party may be entitled to a lesser included offense instruction).  The second step of the analysis requires a review of the evidence admitted at trial to determine if the appellant is entitled to the lesser included instruction.  Id. at 536.  Anything more than a scintilla of evidence may be sufficient to entitle appellant to the requested charge. Id.  The evidence need only establish the lesser included offense as a valid, rational alternative to the charged offense.  Id.

In the present case, the record discloses that the issue of threatening or placing the victim in fear of imminent bodily injury or death was hotly contested.  Clark testified that she never saw the appellant until he was running away.  Further, she testified that she was afraid of falling and possibly breaking a bone.  Her testimony about being afraid was capable of differing interpretations.  On the one hand she indicated that she had a general fear of falling and breaking a bone, which was the reason given for having the shopping cart for stability.  Alternatively, she could have been saying that she was afraid of falling because of the purse being snatched from her shoulder.  Camargo testified that, when he returned to the scene, Clark was scared and was shaking.  However, Clark's fear after the fact is not conclusive evidence that she was placed in fear of imminent bodily injury at the time of the taking of the purse.  Rather, the testimony and the inferences that a jury may make from that testimony is a question for the jury to decide under the appropriate instruction from the court.  The initial police officer on the scene indicated that the offense was one of "purse snatching."  After reviewing the record, it appears there was at least more than a scintilla of evidence to support the theory that appellant was guilty of only the

offense of theft. Accordingly, appellant was entitled to the lesser included offense instruction of theft. Id.

We now turn to the issue of harm. As stated above, the standard of review for such a situation is that we look at the entire record to determine if the error affected appellant's substantial rights. TEX. R. APP. P. 44.2(b). The harm from denying the lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer. Masterson v. State, 155 S.W.3d 167, 171 (Tex.Crim.App. 2005). The lesser offense is an available compromise. Id. In the present case, appellant was sentenced under the term provided for aggravated robbery, a first degree felony. § 29.03(b). A first degree felony carries a punishment range from five to 99 years or life in prison. § 12.32. With the enhancement provision found true by the jury the punishment range is from 15 to 99 years or life imprisonment. § 12.42(c)(1). Punishment on the requested lesser included offense of theft is determined by the value of the property taken. § 31.03(e)(2)-(3). Those offenses carry a term of confinement in jail for six months and one year, respectively. §§ 12.22, 12.21. With the enhancement paragraph found true by the jury, the punishment range for a Class A misdemeanor is 90 days to one year confinement. § 12.43(a). For a Class B misdemeanor, with the enhancement paragraph, the applicable punishment range is 30 to 180 days confinement. § 12.43(b). In this case, the appellant was sentenced to serve a term of confinement of 52 years in the Texas Department of Criminal Justice. Under these facts and with the issue of fear to Clark being the paramount contested issue, the refusal to grant the lesser

6

included instruction did have a substantial influence on the outcome of the case. <u>Burnett</u>, 88 S.W.3d at 637. The jury was denied the opportunity to evaluate the appellant's conduct in light of the lesser criminal offense. Instead, they were faced with the decision to release a person who had taken advantage of an elderly individual or to convict him of aggravated robbery. This is the exact moral dilemma for a jury to which <u>Masterson</u> spoke. <u>Masterson</u>, 155 S.W.3d at 171. Accordingly, the decision to deny the lesser included instruction was reversible error.

Having concluded that the trial court committed reversible error in connection with the lesser included offense instruction, we need not address the appellant's remaining issues. Tex. R. App. P. 47.1.

## Conclusion

Having determined that the trial court committed reversible error, we reverse the judgment of the trial court and remand the case for a new trial.


Mackey K. Hancock
Justice


Publish.

7