Opinion issued February 25, 2010











     







In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00349-CR




MELVIN CHARLES SWEED JR, Appellant
 
V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1132101




DISSENTING OPINION

            I respectfully dissent from the majority opinion’s decision to affirm the
conviction of appellant, Melvin Charles Sweed, for aggravated robbery. I would
reverse and remand the case because the trial court harmfully erred by failing to
instruct the jury on the lesser-included offense of theft. 
          The dispute between the majority and dissenting opinions centers on whether
the appellant threatened Sixto Mondragon, the complainant, with assault with a
deadly weapon while appellant was in the immediate flight after the attempt or
commission of theft. See Tex. Penal Code Ann. § 29.01(1), 29.02(a)(2), 29.03(a)(2)
(Vernon 2003) (emphasis added). “‘Immediate flight’ is not specifically defined in
the Penal Code,” but it has been defined as follows:
Present; at once; without delay; not deferred by any interval of time. In
this sense, the word, without any very precise signification, denotes that
action is or must be taken either instantly or without any considerable
loss of time. 

Thomas v. State, 708 S.W.2d 580, 581 (Tex. App.—Eastland 1986, writ ref’d)
(describing definition from dictionary).
          Although I agree with the majority opinion that the first prong for establishing
lesser-included offenses is met here due to the elements of theft being subsumed by
the elements of aggravated robbery, unlike the majority opinion I conclude the second
prong for establishing a lesser-included offense is met because there is more than a
scintilla of evidence that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser-included offenses of theft and assault. See
Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007) (explaining two prongs
for establishing lesser included offenses). Here, the evidence gives rise to at least
two, reasonably equal, plausible inferences: either that appellant committed
aggravated robbery because the assault occurred while in the immediate flight from
theft or, alternatively, that he committed separate offenses of assault and theft because
he assaulted the complainant when he was not in immediate flight from the theft. See
Evans v. State, 202 S.W.3d 158, 165 (Tex. Crim. App. 2006) (stating, “[I]t is clearly
the jury that makes the choice of which inference to accept” when the evidence “gives
rise to at least two, reasonably equal, plausible inferences”).
          There is more than a scintilla of evidence from which the jury could determine
appellant was not guilty of aggravated robbery and instead guilty of an assault plus
a theft because the assault was not in the immediate flight from the theft. The record
shows the events transpired over approximately 30 minutes. Mondragon testified that
his work crews were at an apartment complex when he heard one of his workers, Jose,
screaming that someone had pulled a knife on him. Jose did not state why the person
had pulled a knife on him, and the indictment does not list Jose as a complainant. 
When Mondragon reached Jose, Mondragon saw appellant and another man walking
toward him, as the unknown man acted as if he did not know what was going on. 
Appellant left alone with a nail gun in his arms and entered an apartment. As they
awaited the arrival of police officers, Mondragon and another person positioned
themselves on the side of the building to make sure appellant did not leave the
apartment. After a short while, appellant left the apartment wearing different clothes. 
Appellant left the area, walked past the pool, and walked to another building that was
about 150 feet away, where he spoke to a group of men for about five minutes before
he started walking back toward the apartment where he had been staying. Appellant
saw Mondragon, who had remained watching him the entire time. Appellant
recognized him and threatened him with a knife causing him to fear that he would be
stabbed. Appellant then fled into the apartment. When police officers arrived later,
they arrested appellant and found a knife and the nail gun in the apartment.
          These events show that after the theft of the nail gun from the work crew, eight
activities occurred before appellant threatened the complainant with a knife: (1)
appellant left the area where the crew was working, (2) entered the apartment, (3) left
the stolen item inside the apartment, (4) changed clothes, (5) left the apartment, (6)
walked across a parking lot, (7) spoke to a group of people, and (8) walked back
across the parking lot towards the apartment. The jury could have reasonably decided
the assault was not in the immediate flight after the theft because: 
•the theft occurred at the crew’s work site at the apartment, but the
assault occurred in a parking lot; 
 
•there was a 30 minute gap of time between the time appellant
stole the nail gun and the time appellant assaulted the
complainant with a knife; and
 
•the many intervening activities by appellant that occurred
between the theft and assault—leaving the stolen item inside the
apartment, changing clothes, and leaving the apartment to speak
with a group of people across the parking lot—are intervening
circumstances showing a gap in the events. 

The jury, therefore, reasonably could have determined the theft and assault were two
separate events because the assault did not occur in the immediate flight from the
commission of the theft, as required for aggravated robbery. See Tex. Penal Code
Ann. §§ 29.01(1), 29.02(a)(2), 29.03(a)(2); Thomas, 708 S.W.2d at 581 (immediate
means “at once; without delay; not deferred by any interval of time”).
          The situation here is procedurally distinguishable from cases on which the
majority opinion relies because those cases address only whether the evidence is
legally sufficient to establish aggravated robbery and are silent on whether a lesser-
included-offense instruction should have been given. See White v. State, 671 S.W.2d
40, 41–42 (Tex. Crim. App. 1984); Lightner v. State, 535 S.W.2d 176, 177–78 (Tex.
Crim. App. 1976); McCall v. State, 113 S.W.3d 479, 480–81 (Tex. App.—Houston
[1st Dist.] 2003, no pet.); Oggletree v. State, 851 S.W.2d 367, 369–70 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d); see also Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979) (establishing test for legal sufficiency of
evidence by viewing evidence in light most favorable to jury’s verdict). As noted
above, I agree the evidence is legally sufficient to uphold appellant’s conviction for
aggravated robbery. The issue here is whether a lesser-included-offense instruction
should have been given, which is a topic not addressed by any of these cases.
          Importantly, each of the cases cited by the majority opinion are also factually
distinguishable in that they fail to show the type of intervening circumstances present
here. In McCall, McCall ran out of a store when he stole cigarettes; he was chased
by the cashier and customer who subdued him until he managed to escape into his
car; and he then drove directly toward the cashier and customer, who feared for their
lives as they fled. McCall, 113 S.W.3d at 480. In holding the evidence was legally
sufficient to establish aggravated robbery in Oggletree, we said, 
[A]ppellant engaged in one continuous, criminal episode, not in a series
of incidents. He did not accomplish a successful escape; rather, for
reasons unclear in the record, he remained in the vicinity and reappeared
to attempt to liberate his confederate. His flight across the parking lot
and his reappearance to threaten [the employees] occurred without
intervening circumstances. Appellant himself chose to continue his
criminal episode by returning to assist his accomplice. A rational trier
of fact could conclude that appellant displayed his knife during
immediate flight from the theft.

Oggletree, 851 S.W.2d at 369–70. In White, when Carl Sherlock tried to take the
complainant’s purse, he let go when she refused to release it, and he was chased by
two bystanders, who were shot by appellant who was in a waiting getaway car. 
White, 671 S.W.2d at 41. In Lightner, Lightner stole money from a cash register, he
was immediately followed by a store employee as he ran to his car, and he got into
his car and drove it towards the officer who was immediately attempting to arrest him. 
Lightner, 535 S.W.2d at 176–77. As the court in Lightner stated,
Appellant contends that he was not in immediate flight when
apprehended by Officer Collins. Officer Collins caught appellant about
100 yards from the scene of the theft. He started to follow appellant to
the back of the shopping center shortly after appellant had entered the
rear of the parking lot. Appellant was handcuffed and in custody within
seven to nine minutes after the theft.

Id. at 178. In contrast to each of these cases that show immediate events with no
intervening circumstances, the jury could have reasonably decided that here the
assault was not in the immediate flight after the theft because of the combination of
circumstances that show the theft and assault occurred at different locations thirty
minutes apart after appellant had left the stolen item behind in his apartment, changed
clothes, and left his apartment to speak to a group of people at another location at the
apartment complex.Although this case is in the same procedural posture as Royster v. State, 622
S.W.2d 442 (Tex. Crim. App. 1981), this situation is factually distinguishable from
it. In Royster, the Court of Criminal Appeals held the trial court did not err by
refusing the lesser-included offense instructions of assault and theft when Royster
was charged with aggravated robbery. Royster, 622 S.W.2d at 447. After he
snatched a purse from a woman, Royster cut the man who chased him immediately
following the theft. Id. at 446. Unlike Royster, the jury could have reasonably
decided that appellant was not in immediate flight from the theft because after the
theft and before the assault, appellant left the stolen property in an apartment,
changed clothes, walked across a parking lot, and conversed with a group of people. 
See id. 
          The situation here is similar to a case recently reversed by the Amarillo Court
of Appeals. Jones v. State, 280 S.W.3d 294, 297–98 (Tex. App.—Amarillo 2007, pet.
ref’d). There, the court stated, 
In the present case, the record discloses that the issue of threatening or
placing the victim in fear of imminent bodily injury or death was hotly
contested. . . . [T]he testimony and the inferences that a jury may make
from that testimony is a question for the jury to decide under the
appropriate instruction from the court. The initial police officer on the
scene indicated that the offense was one of “purse snatching.” After
reviewing the record, it appears there was at least more than a scintilla
of evidence to support the theory that appellant was guilty of only the
offense of theft. 

Id. This case is similar to Jones in that the matter of whether the assault was in the
immediate flight from theft is properly a question for the jury to decide based on the
evidence and the inferences made by the jury. See id.
           As the United States Supreme Court long ago explained when reversing a
conviction for failure to instruct on a lesser-included offense,
The question is whether the court erred in refusing this request. The
evidence as to manslaughter need not be uncontradicted or in any way
conclusive upon the question; so long as there is some evidence upon
the subject, the proper weight to be given it is for the jury to determine. 
If there were any evidence which tended to show such a state of facts as
might bring the crime within the grade of manslaughter, it then became
a proper question for the jury to say whether the evidence were true and
whether it showed that the crime was manslaughter instead of
murder. . . . The evidence might appear to the court to be simply
overwhelming to show that the killing was in fact murder, and not
manslaughter or an act performed in self defence [sic], and yet, so long
as there was some evidence relevant to the issue of manslaughter, the
credibility and force of such evidence must be for the jury, and cannot
be matter of law for the decision of the court.

 Stevenson v. United States, 162 U.S. 313, 314–15, 16 S. Ct. 839, 839 (1896).
 
          As Stevenson shows, the error here is one that has been happening repeatedly
for over one hundred years. See id. This error is easily preventable by one simple
rule: Judges should not refuse to allow juries to decide questions of fact. See id. The
question of whether the assault was in the immediate flight from the theft is a matter
for a jury to decide based on what inferences may be drawn from circumstantial
evidence. See Evans, 202 S.W.3d at 165 (holding court must defer to jury when there
are two reasonable inference that can be drawn from circumstantial evidence). I
conclude there is more than a scintilla of evidence from which the jury reasonably
could determine that theft is a valid, rational alternative to aggravated robbery. I, 
therefore, would hold that the trial court erred by refusing to instruct the jury on the
lesser-included offense of theft.
 
 
 
                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Justices Keyes, Alcala, and Hanks.
 
Justice Alcala, dissenting.
 
Publish. Tex. R. App. P. 47.2(b).