Opinion issued February 25, 2010 














     

In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00349-CR




MELVIN CHARLES SWEED, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1132101




OPINION

            A jury found appellant, Melvin Charles Sweed, Jr., guilty of aggravated
robbery


 and assessed punishment at thirty-eight years’ imprisonment. Appellant
stipulated to two prior felony convictions, which enhanced his punishment. In a
single point of error, appellant argues that the trial court erred by failing to grant his
request for theft to be included in the jury charge as a lesser-included offense. In the
judgment, the enhancement paragraphs created by appellant’s prior felonies were
marked N/A, or “not applicable,” rather than true. The State asks that this Court
correct the judgment by modifying it to reflect that appellant pled true to the State’s
two enhancement paragraphs. 
          We modify the judgment and as modified affirm.
Background
            On September 6, 2007, appellant went to the Haverstock Apartments at 5619
Aldine Bender Road, Harris County, Texas. On that day, several work crews under
the supervision of Sixto Mondragon were at the apartment complex. Mondragon
observed appellant, who was not one of his employees, among the work crews
throughout the morning. At some point that morning, a second person arrived and
spoke with appellant. After this unidentified second person arrived, Mondragon saw
one of his employees, Jose,


 running and yelling, “[H]e’s got a knife.” Mondragon
saw appellant walking off with “quick strides”and carrying something covered up, but
he did not see what it was. Mondragon and others followed appellant at a distance
because “[w]e thought he probably had something.” Jose told Mondragon that
appellant had stolen a nail gun, and Mondragon called the police. Other workers saw
appellant enter an apartment. Mondragon and his father positioned themselves so that
they could watch the apartment until the police arrived.
          Appellant remained in the apartment between five and twenty minutes. While
he was on watch waiting for the police to arrive, Mondragon saw appellant leave. 
When appellant left the apartment, he had changed his clothes. Appellant walked
across the apartment complex parking lot, approximately one-hundred and fifty feet,
to a group of unidentified men and spoke with them for approximately five minutes. 
Mondragon testified that as appellant was returning to the apartment he saw
Mondragon and recognized him. Mondragon stated, “So, when he got to about
halfway to the point where the parking lot was, he pulled out a knife and opened it.” 
Appellant then approached Mondragon and waved the knife at Mondragon’s chest
level. Mondragon thought appellant was going to stab him and was afraid. When
appellant was about three or four feet away, Mondragon put his hand in his pocket,
“acting like I had a gun or something.” Appellant looked at him, walked away, and
went back to the apartment. He did not exit again before the police arrived five or ten
minutes later.
          When the deputies arrived, they were directed to the apartment in which
appellant was hiding. They knocked on the door and obtained the consent of the
tenant to enter. The deputies found appellant hiding in the bedroom. They also
found a knife near appellant and a nail gun belonging to Mondragon, but they never
found the toolbox or other tools that Mondragon later accused appellant of stealing.
The deputies arrested appellant, and a grand jury indicted him for the aggravated
robbery of Sixto Mondragon.
          At appellant’s trial, Mondragon testified regarding the events of the morning
appellant stole the nail gun. He testified that he noticed appellant around the work
crew most of the morning. However, he never saw appellant approach Jose with the
knife. Rather, he only saw Jose running and exclaiming, “[H]e’s got a knife.” 
Mondragon also testified that he did not originally know what was in the bundle
appellant carried away from the work site, but he stated that he believed that the
bundle contained a large nail gun, a toolbox, drills, and smaller nail guns. 
Mondragon testified that the large nail gun was worth around three hundred dollars
“brand new.” 
          During the charge conference, appellant’s trial counsel requested an instruction
on the lesser included-offense of theft. The State opposed the request and argued that
if the theft instruction were given, the court should provide an instruction on
aggravated assault as an additional lesser-included offense. The trial court denied
both requests. Appellant’s trial counsel objected and preserved the error by
explaining his objection to the trial judge and asking that the desired charge be
included in the record. 
          The jury found appellant guilty of aggravated robbery. His sentence was
enhanced because of his prior felony convictions for possession of a controlled
substance and for burglary of a motor vehicle. Appellant also had three prior
convictions for assault. Appellant stipulated to two prior felony convictions,
distribution of a controlled substance and burglary of a motor vehicle. The judge
instructed the jury on these. Although appellant stipulated to these and the judge
instructed the jury on them, in the judgment these are marked “N/A,” or “not
applicable.”Instruction on Lesser-Included OffenseIn his sole point of error, appellant argues that the trial court erred in denying
his request to instruct the jury on the lesser-included offense of theft because there
was more than a scintilla of evidence negating the State’s allegation that he
threatened Mondragon “in the course of committing theft.” Appellant does not
contest the theft of the large nail gun.
          1.       Standard of Review
          An offense is a lesser-included offense if “it is established by proof of the same
or less than all the facts required to establish the commission of the offense charged.”
Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006). A defendant is entitled
to an instruction on a lesser-included offense when (1) the proof for the offense
charged includes the proof necessary to establish the lesser-included offense and
(2) some evidence exists in the record that would permit a rational jury to find that
if the defendant is guilty, he is guilty only of the lesser-included offense. Hall v.
State, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (quoting Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994)). The first step in the analysis is a question
of law. Id. at 535. It requires comparison of the elements of the offense as alleged
in the indictment with the elements of the potential lesser-included offense. Id. at
535–36. If the elements of the lesser offense are “established by proof of the same
or less than all the facts required to establish the commission of the offense charged,”
the first prong of the test is satisfied. Id. at 536 (quoting Tex. Code Crim. Proc.
Ann. art. 37.09(1)). 
          The second step in the analysis asks whether there is evidence that supports
giving the instruction to the jury. Id. In this step of the analysis, anything more than
a scintilla of evidence may suffice to entitle the defendant to a charge on the lesser-included offense. Id. The evidence produced must establish the lesser-included
offense as “a valid, rational alternative to the charged offense.” Id. (quoting Forest
v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)). 
          2.       Discussion
          Here, the indictment alleged that appellant, “while in the course of committing
theft of property owned by Sixto Mondragon . . . and with intent to obtain and
maintain control of the property, intentionally and knowingly threaten[ed] and
place[d] SIXTO MONDRAGON in fear of imminent bodily injury and death, and the
Defendant did then and there use and exhibit a deadly weapon, to wit: A KNIFE.” 
Appellant argues that the trial court committed reversible error by failing to grant
appellant’s request for the lesser-included charge of theft.
          A person commits theft if he “unlawfully appropriates property with intent to
deprive the owner of property.” Tex. Penal Code Ann. § 31.03(a) (Vernon Supp.
2009). A person commits robbery if, “in the course of committing theft” and “with
intent to obtain or maintain control of the property,” he “intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.” See Tex.
Penal Code Ann. § 29.02(a)(2) (Vernon 2003). To prove aggravated robbery, the
State must prove robbery plus an aggravating factor. See Tex. Penal Code Ann.
§29.03(a) (Vernon 2003). Aggravated robbery occurs when “a person commits
robbery as defined in Section 29.02,” and he “uses or exhibits a deadly weapon.” Id.
§29.03(a)(2).
          The Penal Code defines “in the course of committing theft” as “conduct that
occurs in an attempt to commit, during the commission, or in immediate flight after
the attempt or commission of theft.” Tex. Penal Code Ann. § 29.01(1) (Vernon
2003). Thus, “the offense of robbery includes any violence in the course of
effectuating the theft as well as any violence while in immediate flight from the scene
of the theft.” White v. State, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984) (emphasis
added) (quoting Lightner v. State, 535 S.W.2d 176, 177 (Tex. Crim. App. 1976)). 
This definition “proscribes the use of violence not only in the taking of the property,
but also in the immediate efforts of the thief to keep the stolen property.” Id.
(emphasis omitted). No completed theft is required for the proscribed conduct to
constitute the offense of robbery; nor is it necessary that the victim of the theft or
attempted theft and the victim of the robbery be the same. White, 671 S.W.2d at
41–43(affirming aggravated robbery conviction of driver of getaway car who shot
pursing bystander in order to free companion who had attempted theft of purse); see
Lightner, 535 S.W.2d at 177–78 (affirming aggravated robbery conviction of
appellant who drove car towards officer flagged down by women who discovered
money missing from cash register when appellant left cleaners). 
          “The element ‘intent to obtain or maintain control of the property’ in [Section
29.02] ‘deals with the robber’s state of mind regarding the property’ involved in the
theft or attempted theft, and not his state of mind in the assaultive component of the
offense of aggravated robbery.” White, 671 S.W.2d at 42 (quoting Ex parte
Santellana, 606 S.W.2d 331, 333 (Tex. Crim. App. 1980)); see McCall v. State, 113
S.W.3d 479, 481 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that “the
element of ‘intent to obtain or maintain control of the property’ addresses the robber’s
state of mind during the theft or attempted theft, not his state of mind during the
assault”). Thus, “violence accompanying an escape immediately subsequent to an
attempted theft can constitute robbery under [Section 29.02].” White, 671 S.W.2d at
42; see McCall, 113 S.W.3d at 481(affirming aggravated robbery conviction of
appellant who ran out of store with cigarettes when asked to produce identification
with credit card, punched cashier who pursued him, and attempted to run down
cashier and customer); Oggletree v. State, 851 S.W.2d 367, 369–70 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d) (affirming aggravated robbery conviction
of appellant who stole meat from grocery store, avoided immediate capture, but
returned to store where employees held accomplice and threatened them with a knife;
holding that appellant’s departure from scene of crime and his return to threaten
employees in attempt to liberate confederate “without intervening circumstances”
meant that “[a] rational trier of fact could conclude that appellant displayed his knife
during immediate flight from the theft”). 
          Here, when the elements of aggravated robbery as alleged in the indictment are
compared with the elements of theft, it is evident that the elements of theft are
“established by proof of the same or less than all the facts required to establish the
commission of the offense charged.” See Hall, 225 S.W.3d at 536. Theft, by
whatever method committed, is necessarily included in the alleged elements of the
greater offense of robbery when, as in the instant case, the indictment alleges that the
accused threatened another or place him in fear of imminent bodily injury or death “in
the course of committing theft.” Earls v. State, 707 S.W.2d 82, 84–85 (Tex. Crim.
App. 1986). Therefore, the first prong of the test for inclusion of an instruction on
the lesser-included offense of theft is satisfied. See Hall, 225 S.W.3d at 535–36.
          The next question is whether some evidence exists in the record of this case
that would permit a rational jury to find that if appellant is guilty, he is guilty only of
theft, satisfying the second prong of the test for a lesser-included-offense instruction. 
See Tex. Code Crim. Proc. Ann. art. 37.09; Hall, 225 S.W.3d at 536. In order for
appellant to have been entitled to an instruction on the lesser-included offense of
theft, some evidence in the record had to negate the jury’s finding that appellant
intentionally or knowingly “use[d] or exhibit[ed] a deadly weapon in the course of
committing theft.” See Tex. Penal Code Ann. § 29.03 (emphasis added); see
Robinson v. State, 174 S.W.3d 320, 333 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d); see also Holiday v. State, 14 S.W.3d 784, 788 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d) (“To be entitled to a jury instruction on the lesser included offense
of theft, there must have been evidence proving appellant committed a theft of [the
complainant’s] property, but did not . . . threaten him in any way.”)
          Because there is unrebutted evidence in the record that appellant threatened
Mondragon with a knife, causing him to be in fear of imminent bodily injury or death,
appellant can show that he was entitled to an instruction on the lesser-included
offense of theft of the nail gun only if there is evidence in the record from which a
jury rationally could conclude that appellant’s threat to Mondragon did not occur in
the course of committing or in immediate flight after committing the theft.
          Here, Mondragon learned of the theft of his nail gun when Jose came running
towards him yelling, “[H]e’s got a knife.” At that point, Mondragon saw appellant
carrying something he could not identify, and he called the police. After appellant
went into an apartment, Mondragon and his father “posted up on the side of the
building making sure [appellant] didn’t leave while the police got there.” When
appellant walked out of the apartment five to twenty minutes later, Mondragon was
still “posted up” to wait for the arrival of the deputies. Appellant walked over to a
group of unidentified men and spoke with them for approximately five minutes. 
Then, as appellant passed Mondragon and his father on his return to the apartment,
appellant saw Mondragon watching him, approached him, and waved his knife at
Mondragon’s chest. Appellant walked off after Mondragon put his hand in his pocket
and pretended he had a gun. Approximately fifteen minutes to half an hour passed
between the theft and the assault. The police arrived five to ten minutes later and
found appellant hiding in the bedroom of the apartment in possession of both the
knife and the nail gun.
          We conclude that there is no evidence that would permit a rational jury to find
that appellant did not have the intent to maintain control over the nail gun he had
stolen from Mondragon when he “use[d] or exhibit[ed] a deadly weapon,” namely
a knife, to threaten Mondragon on his way back to the apartment where he had left
the nail gun, and thus appellant could not have been found guilty only of theft. See
Tex. Penal Code Ann. § 31.03(a) (providing that person commits theft if he
“unlawfully appropriates property with intent to deprive the owner of property”) Hall,
255 S.W.3d at 536; White, 671 S.W.2d at 42; McCall, 113 S.W.3d at 480-81. We
hold that appellant was not entitled to a lesser-included instruction on theft in the jury
charge. See Hall, 255 S.W.3d at 536.
          We overrule appellant’s sole issue. 
Correction of the Judgment
            The State requests that this Court correct the written judgment to reflect that
appellant entered pleas of true to two prior felony convictions in the enhancement
paragraphs and the jury found the allegations in the enhancement paragraphs true. 
          A Court of Appeals may modify a trial court’s judgment and affirm it as
modified. Tex. R. App. P. 43.2(b); see Bigley v. State, 865 S.W.2d 26, 27–28 (Tex.
Crim. App. 1993) (holding that courts of appeals may modify judgments); French v.
State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that “an appellate court
has authority to reform a judgment to include an affirmative finding to make the
record speak the truth when the matter has been called to its attention by any
source”). 
          Here, appellant entered pleas of true to the two enhancement paragraphs, and
the jury found these enhancement paragraphs true. The written judgment, however,
incorrectly states “N/A” for appellant’s “Plea to 1st Enhancement Paragraph” and for
his “Plea to 2nd Enhancement Paragraph.” The written judgment also incorrectly
states “N/A” for the jury’s “Findings on 1st Enhancement Paragraph” and its
“Findings on 2nd Enhancement Paragraph.” 
          We modify the written judgment to reflect that appellant entered a plea of true
to the two enhancement paragraphs and that the jury found these enhancement
paragraphs true. See Tex. R. App. P. 43.2(b) (allowing courts of appeal to modify
judgments and affirm as modified); Bigley, 865 S.W.2d at 27–28 (holding that courts
of appeal may modify judgments).
Conclusion
          We modify the judgment to reflect that appellant entered a plea of “true” to
each of the two enhancement paragraphs and that the jury found each of the
enhancement paragraphs true. We affirm the judgment as modified.
 
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Justices Keyes, Alcala, and Hanks.
Justice Alcala, dissenting. 
Publish. Tex. R. App. P. 47.2(b).